BERNARD, APPELLANT, *v.* HERZOG, RESPONDENT.

[Submitted May 27, 1892. Decided September 26, 1892.]

EXECUTION SALE—*Motion to vacate.*—A motion to set aside an execution sale, accompanied by an offer to pay the judgment, was properly granted, as to property purchased by the plaintiff, where it appeared that the defendant's attorney had an understanding with the plaintiff at the time of the levy of execution that no action would be taken thereon for ten days; that once before the expiration of that period, and at another time before the sale, defendant's attorney showed plaintiff telegrams which defendant had received referring to money on the way to defendant, with which it was understood the judgment was to be satisfied, and that plaintiff upon reading said telegrams had said "all right;" that defendant did not know of the intended sale until after it occurred, and had been led by plaintiff to believe that the execution would be held for a reasonable time for defendant to receive the money.

*Appeal from Fourth Judicial District, Missoula County.*

Plaintiff had judgment below, and appeals from an order by MARSHALL, J., vacating an execution sale. Affirmed.

Statements of facts, prepared by the judge delivering the opinion.

This is an appeal from a special order, made after final judgment. The order was one setting aside an execution sale of personal property. In the Fourth Judicial District Court the plaintiff obtained a judgment against the defendant, on the

twenty-sixth day of January, 1892, for three hundred and sixty-five dollars and costs. On the next day an execution was issued to the sheriff of Missoula County. The sheriff returned that he executed the same by levying upon sixty-seven thousand eight hundred and twenty-five shares of stock of the Eldorado Mining Company; that he advertised the same for sale for five consecutive days, in three public places, and sold the stock on February 11, 1892, at public auction, at the door of the court-house, being the time and place mentioned in the notices posted; that he sold thirty thousand shares to G. T. McCullough for two hundred and eleven dollars, and thirty-seven thousand eight hundred and twenty-five shares to the plaintiff for one hundred and sixty-five dollars. On the 13th of February the defendant gave notice of motion to set aside this execution sale. The motion was brought to a hearing on February 23d, and the court granted the motion in part; that is, the execution sale was set aside, as far as the purchase by the plaintiff was concerned, of the thirty-seven thousand eight hundred and twenty-five shares of stock. There were three grounds set forth in the motion to set aside the sale, only one of which we will notice, and that is the contention of defendant that plaintiff's conduct misled him to believe that the sale was not to be pushed.

As to this contention, the following statement may be made:—

The defendant was represented by an attorney, and it was upon the evidence of his attorney, rather than that of his own, that it was sought to set aside the sale. This attorney says that he knew an execution had been issued against the defendant, on January 27th; that he, defendant's attorney, had an understanding with plaintiff that no action should be taken on said execution for ten days; that on February 5th, before the expiration of the ten days, he showed plaintiff a telegram addressed to defendant, which read, "Your money will be there in time." It seems to be conceded by the parties that this referred to some money which was sent by some one to the defendant, with which he expected to satisfy the judgment. Defendant's attorney further said that, when he showed plaintiff this telegram, plaintiff asked him when the money would be in Missoula, and was told that it would arrive on the 8th or 9th of February, and that plaintiff said, "All right." It appears that the ten

days of time agreed on by plaintiff and defendant's attorney would expire on February 6th, the day after this conversation. Defendant's attorney further says that, on the 9th of February, he showed plaintiff another telegram, addressed to defendant, in these words, "Receive by mail draft on bank for money." He says, further, that the plaintiff read this telegram, and said, "All right." The plaintiff says that he made no comment on the telegram. This attorney further says that he did not know that the property was to be sold. He says that he did not ask for an extension of time beyond the ten days agreed upon, and that plaintiff had never informed him that he could have more than ten days. The ten days' stay having expired on February 6th, the advertisement of five days was then commenced, and the property sold on February 11th. It is conceded by the parties that all the procedure of the sheriff was regular. Upon this showing the District Court set aside the execution sale, as above noticed, and from that order the plaintiff appeals.

*Harry D. Moore,* and *Thomas C. Marshall,* for Appellant.

*Duis & Crouch,* and *Murray & Musgrave,* for Respondent.

De Witt, J.—If the plaintiff's acts were such as, even inadvertently on the part of plaintiff, to lead the defendant, or his attorney who was representing him, to honestly believe that he, the plaintiff, intended to let the execution rest for a reasonable time, until the money arrived for its satisfaction, which money was said to be on the way, it would seem that the action of the court below in setting aside the execution sale should not be disturbed.

On February 9th defendant's attorney says that he gave plaintiff information, which it is apparent was to the effect that money had been sent by some one for the purpose of satisfying the judgment. This witness says the plaintiff expressed himself as satisfied with this arrangement, that is, that he said, "All right." This is denied by plaintiff, but it seems that credit was given by the court to the defendant's version of the facts, and there was evidence, upon the motion, to sustain the court's position in this respect.

Defendant's contention on the motion was that the plaintiff

led him, or his attorney representing him, to believe that the execution would be held for some reasonable length of time. That the attorney so believed is perhaps further evidenced by the fact that he did not ask for a further extension of the stay of execution.   When the conversation of February 9th took place, the execution sale was then in advertisement.   Of this the defendant, and his attorney who represented him, were not aware.   But this fact is of importance only in this respect, that the omission of defendant's attorney to ascertain whether advertisement had been made may have had some weight with the court below in determining that the defendant, or his attorney, had reason to believe, in the conversation of February 9th, that plaintiff intended not to push the execution.

Two days after February 9th, to wit, February 11th, the execution sale took place.   There was, therefore, no long lapse of time between the conversation of February 9th and the sale, and no laches on the part of defendant, if it be true that his version of the interview of February 9th was the true one, or if he believed it to be the true one.   If the defendant honestly believed, as the District Court must have thought he did, that plaintiff intended to wait for the arrival of the draft mentioned in the telegram, he did not take undue advantage of plaintiff's leniency by neglecting the matter for any considerable length of time.   Again, the sale was on February 11th, and the motion to set it aside was filed on February 13th, so that it appears that defendant at once sought relief.   This may have been another fact which satisfied the District Court that the defendant, through inadvertence, allowed the execution sale to proceed.

The defendant does not ask to have the judgment set aside. He admits its validity, and he makes a showing of some diligence in endeavoring to pay it; all he asks is that the sale be set aside, by virtue of which his property was disposed of. He offers to pay the judgment on the vacation of the sale. This secures all the rights of the judgment creditor.

We are satisfied that the District Court did not err in setting aside the sale.   Therefore the order is affirmed.

*Affirmed.*

BLAKE, C. J., and HARWOOD, J., concur.