## CLYDE E. BLACK, PLAINTIFF-APPELLANT, *v.* MULLINS & COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

### Submitted March 18, 1914—Decided November 16, 1914.

1. The title of the purchaser of chattels at an execution sale is not affected by mere irregularities of the officer in making the levy or advertising the sale.
2. The protection given by the Chattel Mortgage act to creditors and subsequent purchasers and mortgagees in good faith, against a chattel mortgage not recorded in due season, extends to a purchaser at an execution sale under a judgment recorded by such a creditor.
3. Under such circumstances a sale by the officer, as announced, of the right, title and interest of the defendant, does not prevent the purchaser from taking title clear of the mortgage.
4. Where a chattel mortgage was not recorded until over a month after its execution and no excuse for the delay appeared except ignorance of the law, the question whether it was recorded as soon as reasonably could be, was a court question, and the court properly held that it was not so recorded.

On appeal from the Passaic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff-appellant, *Albert Comstock.*

For the defendant-respondent, *Thomas F. McCran.*

The opinion of the court was delivered by

PARKER, J. The suit was in replevin, and the controversy is between a chattel mortgagee (plaintiff) and a purchaser at an execution sale (defendant). The defendant attacked the title claimed under the chattel mortgage on the ground that it had not been placed on record with the promptitude required by law; and the plaintiff claimed that defendant took no title under the execution sale that would enable him to hold the property as against the mortgagee.

Under section 4 of the Chattel Mortgage act (*Comp. Stat., p.* 463), a chattel mortgage not duly recorded is void only as against creditors of the mortgagor and subsequent purchasers and mortgagees in good faith. The defendant's stand is that of a subsequent purchaser in good faith. No question of the defendant's good faith is raised, but the point made is that it is not a legal "purchaser," first, because of irregularity in failure of the constable to attach a levy and inventory to the execution under which he sold. Such an irregularity, however, in levy or advertisement, does not affect the purchaser's title. *Boylan* v. *Kelly,* 36 *N. J. Eq.* 331.

Secondly, it is said that the constable sold only the right, title and interest of the mortgagor, and that the purchaser was therefore bound by the mortgage, and took only such title as the mortgagor had as against the mortgagee. But it appears, in this case, that the debt for which the judgment was entered and the property sold by the constable, was incurred before the chattel mortgage was made. Consequently, the mortgage, if not duly recorded, was void as against this creditor; and when he entered his judgment and had the property

sold, the protection afforded him by the statute extended to the purchaser at his sale. Otherwise, he could not have the full benefit of the statute. *Sharp* v. *Shea,* 32 *N. J. Eq.* 65, 66. And even if this were not so, the presumption is that defendant purchased in good faith without notice, and the burden of proving otherwise is on plaintiff. *Coleman* v. *Barklew,* 27 *N. J. L.* 357, 359. The sale of chattels under execution by crying the right, title and interest of the defendant, subject to liens and encumbrances, is a common practice, and merely expressive of the well-settled rule that the officer transfers what the defendant could have transferred, and no more. The recording acts would lose much of their efficacy if this phraseology were held to conclude innocent purchasers at judicial sales, who are charged by law with all recorded liens, but not with unrecorded ones; and the result would be to hang the title of such purchasers on the question whether a sheriff or constable used a mere formula in making his sale.

We conclude, then, that the defendant as purchaser had a *status* to question the legal effect of the chattel mortgage. It remains to ascertain whether the court rightly held, as it did, that the mortgage was not recorded with due diligence.

The law is not in doubt. The mortgage must be recorded immediately, which means as soon as may be with reasonable despatch under the circumstances of the case. *Brockhurst* v. *Cox.* 71 *N. J. Eq.* 703; *affirmed,* 72 *Id.* 950. The delay in that case was fifteen days. In the case at bar it was over two months. The excuse offered was that the New York notary that took the mortgagor's acknowledgment failed to take the mortgagee's affidavit. and left town so that he could not be reached until a month had elapsed; and after he had then taken the affidavit, plaintiff tried to record the mortgage, but because of his ignorance of the law or of facts pertinent to the selection of the proper recording office, another month was consumed before it finally was put on record. It is now claimed that the question of reasonable diligence was for the jury. To this we do not agree. Apart from the second month, the delay of the first month was utterly inexcusable. Plaintiff was bound to know that there was nothing in the law requir-

ing the affidavit and the acknowledgment to be taken by the same officer. He could have had his affidavit taken by any competent officer at once. His ignorance of the law is no excuse, and leaves a delay of a month with no lawful explanation at all. The trial judge was right in holding that no jury question was raised on this point and in treating it as a court question. *Timlan* v. *Dilworth,* 76 *N. J. L.* 568.

The judgment will be affirmed.