STATE EX REL. COFFEY, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 5,813.)

(Submitted September 26, 1925.   Decided October 20, 1925.)

[240 Pac. 667.]

*Certiorari—Execution—Choses in Action—Subject to Seizure and Sale—Setting Aside Sale on Motion—Discretion—Costs— Filing of Bill—Effect.*

Costs—Filing of Bill—Effect.
    1.  The filing of a cost bill in the district court upon *remittitur* from the supreme court has the effect of the entry of a judgment for the amount of the award in favor of the prevailing party.
Cause of Action—Subject to Seizure and Sale.
    2.  A cause of action is the right which a party has to institute a judicial proceeding, and if the relief sought is the recovery of money, the cause of action is designated a "thing" or "chose in action," which is personal property and therefore subject to seizure and sale in satisfaction of a judgment.
Same—Levy of Execution upon—How Made.
    3.  A cause of action being personal property not capable of manual delivery, levy of execution upon it must, under section 9424, Revised Codes, be made in like manner as upon a writ of attachment, which is, under subdivision 5 of section 9262, by leaving a copy of the writ, and a notice that the cause of action is levied upon, with the owner; hence where the copy and notice were delivered to the clerk of the district court and not to the owner, the levy was ineffective.
Execution—Irregularities—Sale Voidable Only.
    4.  The purpose of a levy of execution being to subject the property to the custody of the law and place it beyond the power of the

---

4.  Levy as necessary to sustain sale under execution, see note in 33 Am. Dec. 697.

judgment debtor to transfer it or divert it to any other use, mere irregularities in making it do not render the sale absolutely void, but voidable only.

Same—Motion to Set Aside Sale a Direct, not a Collateral, Attack on Sale.

5. A motion by a judgment debtor to set aside an execution sale is a direct, and not a collateral, attack on the sale.

Same—Sale may be Set Aside on Motion—Discretion.

6. A sale on execution made to one not a party to the action in which the execution issued may bo set aside on motion of the judgment debtor on the ground that the property sold had not been levied upon as provided by law, and the question whether it shall be set aside is addressed to the sound discretion of the district court, trivial irregularities in the writ or the levy not resulting in injury to an interested party being, generally, insufficient to set it aside.

Same—Setting Aside of Sale—When not Abuse of Discretion.

7. Where a third party at execution sale purchased the judgment debtor's interest in two causes of action for the recovery of $5,500 for about $100, and the latter, because of irregularities in the levy of the writ, was unaware of the contemplated sale, and upon notice of it moved promptly to have it set aside, tendering into court the full amount paid by the purchaser, the court *held* on *certiorari* not to have abused its discretion in vacating the sale.

---

Actions, 1 **C. J.**, sec. 28, p. 937, n. 78; p. 939, n. 33; sec. 46, p. 951, n. 39 New.

Ass` ments, 5 **C. J.**, sec. 50, p. 884, n. 47.

Costs, 15 **C. J.**, sec. 654, p. 262, n. 23 New; sec. 764, p. 310, n. 76 New.

Executions, 23 **C. J.**, sec. 46, p. 326, n. 13; sec. 206, p. 424, n. 16; sec. 234, p. 441, n. 36, 37; sec. 659, p. 670, n. 8, 9, 10; sec. 663, p. 672, n. 37, 43; sec. 671, p. 681, n. 27; sec. 674, p. 682, n. 41, 42; sec. 680, p. 685, n. 93; p. 686, n. 94; sec. 689, p. 691, n. 67; sec. 691, p. 694, n. 21 New; sec. 802, p. 755, n. 62; sec. 804, p. 757, n. 83.

Judicial Sales, 35 **C. J.**, sec. 159, p. 98, n. 65, 66, 67, 68, 69, 70, 72; p. 99, n. 73.

Property, 32 **Cyc.**, p. 669, n. 88.

Original application for writ of *certiorari* by the relation of Christine Coffey, against the District Court of the Tenth Judicial District in and for the County of Fergus and Edgar J. Baker, a Judge thereof, to annul an order vacating an execution sale and canceling the certificate. Proceeding dismissed.

*Messrs. Belden & De Kalb* and *Mr. Merle C. Groene,* for Relatrix, submitted an original and a supplemental brief; *Mr. Groene* argued the cause orally.

*Mr. Ralph J. Anderson,* for Respondents, submitted an original and a supplemental brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In March, 1922, two actions were commenced in the district court of Fergus county designated by numbers upon the register of actions 10869 and 10870. In the first action, in which Albert W. Ogg and Ralph R. Ogg were plaintiffs, and J. C. Herman and J. H. Coffey were defendants, plaintiffs sought to enforce performance of a contract for the sale of real estate; that is, they sought to compel defendants, purchasers, to accept a conveyance and to pay $3,000, the contract price for the land. In the second action, in which Albert W. Ogg alone was plaintiff and Herman and Coffey were defendants, the same character of relief was sought, but the purchase price in that instance was $2,500. Such proceedings were had that plaintiffs in the first action recovered the judgment they sought, and in the second action Albert W. Ogg recovered the judgment he sought. From the judgment entered in the second action the defendants appealed, and by stipulation of the parties cause 10869 was to abide the decision of the supreme court in cause 10870. In June, 1924, this court reversed the judgment in cause 10870 and awarded the costs of appeal to defendants Herman and Coffey. (71 Mont. 10, 227 Pac. 476.) The costs, amounting to $94, were included in a cost bill duly filed in the district court, and, no objections having been made thereto, an execution was issued and placed in the hands of the sheriff of Fergus county, who undertook to levy upon and did sell all the right, title and interest of Albert W. Ogg in each of the two causes of action mentioned, for an amount sufficient to satisfy the judgment, with accruing costs, to-wit, $101.20, and executed and delivered to the purchaser, Christine Coffey, a certificate of sale. Thereafter Albert W. Ogg moved the court to set aside the sale and cancel the certificate. Notice of the motion was served upon the purchaser, who appeared and contested it. Ogg also tendered to the purchaser the amount of the purchase price

paid by her, and, when the tender was refused, deposited the money in court for her. After a hearing the court sustained the motion, and the purchaser instituted this proceeding to have the order annulled.

When the mandate of this court in cause 10870 went down, **[1]** the two actions were left pending in the district court as though a trial of either on the merits had never occurred; but the filing of the cost bill in 10870 had the effect of the entry of a judgment for $94 in favor of Herman and Coffey and against Albert W. Ogg upon which execution might issue. (Sec. 9805, Rev. Codes; *State ex rel. Hurley* v. *District Court*, 27 Mont. 40, 69 Pac. 244.) Execution was issued and there was at least a pretended levy and sale thereunder. Several questions are presented for consideration:

(1) Was the interest of Albert W. Ogg in each of the causes of action the subject of seizure and sale in satisfaction of the judgment against him?

Section 9424, Revised Codes, provides that all property, real or personal, and any interest therein, of the judgment debtor, not exempt, is subject to seizure on execution. Causes of action are not included in the exemptions enumerated in the statute; hence if these causes of action constitute property, or an interest in property, they were liable to seizure and sale in this instance.

A cause of action is the right which a party has to in- **[2]** stitute a judicial proceeding. (*Dillon* v. *Great Northern Ry. Co.*, 38 Mont. 485, 100 Pac. 960; *Johnson* v. *County of Lincoln*, 50 Mont. 253, 146 Pac. 471; *Butte Electric Ry. Co.* v. *McIntyre*, 71 Mont. 21, 227 Pac. 61.) If the relief sought is the recovery of money or other personal property, the cause of action is designated "a thing in action." Section 6804, Revised Codes, provides: "A thing in action is a right to recover money or other personal property by a judicial proceeding." This definition conforms substantially to the definition of the term as it has been recognized for centuries. In

a work published in 1685, the author says: "Thing in action is when a man hath cause or may bring an action for some duty due to him, as an action of debt upon an obligation, annuity, or rent; action of covenant or ward; trespass of goods taken away, beating or such like." (Termes de la Ley, p. 141.)

In the common parlance of the law, a thing in action is designated a chose in action. Chose in action means literally thing in action. (*Belden* v. *Farmers' etc. Bank,* 16 Cal. App. 452, 118 Pac. 449; 2 Blackstone's Commentaries, 397; 2 Kent's Commentaries, 351; 3 Streets' Foundation of Legal Liability, p. 78.)

The supreme court of the United States has said that a chose in action "included all debts and all claims for damages for breach of contract or for tort connected with contract." (*Bushnell* v. *Kennedy,* 9 Wall. 387, 390, 19 L. Ed. 736 [see, also, Rose's U. S. Notes].)

While courts, text-writers and legislators have not always distinguished sharply between the right to recover and the thing to be recovered, there cannot be any question that the right to recover is comprehended in the term "chose in action." (3 Streets' Foundation of Legal Liability, p. 81.)

It may be that our Code definition, above, restricts somewhat the meaning of the phrase, but since in each of the actions, 10869 and 10870, Albert W. Ogg asserted his right to recover a definite sum of money, the right so asserted is a chose in action within the meaning of our statute, and within the meaning of the phrase as employed in the authorities generally. Anciently a chose in action was denied one of the ordinary incidents of property, namely, the characteristic of transferability, but that restriction was removed many years ago. In Darlington on Personal Property, page 9, it is said: "Choses in action having now become assignable [in the reign of Henry VII] became an important kind of personal property," and no one would have the temerity at this late day

to insist that a chose in action is not property of some character. It is personal property under all of the authorities. (*Boyd* v. *Selma,* 96 Ala. 144, 16 L. R. A. 729, 11 South. 393; *Sherwood* v. *Sherwood,* 32 Conn. 1; *Buck* v. *Miller,* 147 Ind. 586, 62 Am. St. Rep. 436, 37 L. R. A. 384, 45 N. E. 647, 47 N. E. 8; *Engle* v. *State,* 65 Md. 539, 5 Atl. 249; 32 Cyc. 669; 22 R. C. L., p. 66.)

In *Digney* v. *Blanchard,* 229 Mass. 235, 118 N. E. 250, it was held that the right to recover unliquidated damages is not such property as can be attached or taken on execution in an action at law, but is a valuable property right which can be reached and applied in a creditor's suit. The distinction there made, however, results from the local statutory provisions applicable, as appears from the decision in *Wilde* v. *Mahaney,* 183 Mass. 455, 62 L. R. A. 813, 67 N. E. 337.

Since each of Albert W. Ogg's causes of action is a chose in action, and a chose in action is personal property, it follows, by the provisions of section 9424, above, that those causes of action were subject to seizure and sale in satisfaction of the judgment against him. (*Raymond* v. *Blancgrass,* 36 Mont. 449, 15 L. R. A. (n. s.) 976, 93 Pac. 648; *Nugent* v. *McCaffrey,* 33 La. Ann. 271.)

(2) In what manner may the sheriff levy upon a cause of [3] action? That he may subject a chose in action to sale in some manner is not left open to doubt, for section 9431 declares that he must proceed against the property of the judgment debtor by levying the execution upon a sufficient amount of property, "collecting or selling the things in action, and selling the other property." Section 9424 provides that "property, both real and personal, or any interest in either real or personal property, and all other property not capable of manual delivery, may be attached on execution, in like manner as upon writs of attachment." Section 9262 provides with great particularity the manner in which the sheriff must proceed under a writ of attachment. That section com-

prises six subdivisions, the first two of which refer to the attachment of real property. Subdivision 3 relates to the attachment of personal property capable of manual delivery in the possession of the defendant, Subdivision 4 relates to the attachment of stocks or shares of corporations, and subdivision 6 relates to the attachment of judgments. Subdivision 5 refers to attachment of (a) debts or credits, (b) personal property not capable of manual delivery, and (c) personal property in the possession of a third person.

We may eliminate from our consideration the first and third classes. Speaking with technical strictness, a thing in action is the very antithesis of a thing in possession, and it follows that a cause of action cannot be in the possession of anyone, and it goes without saying that it is not capable of manual delivery. But the person who has a cause of action has control of it; he may enforce it or may waive his right to do so, and he may transfer it to another. Subdivision 5 above, then, so far as applicable to the attachment of a cause of action, provides that the officer shall execute the writ by leaving with the person having control of the property, or with his agent, a copy of the writ and a notice that the property under his control belonging to the defendant is attached in pursuance of the writ; in other words, the sheriff was required to leave a copy of the writ and the notice with Albert W. Ogg, the person who had control of the property—the causes of action. The return of the sheriff discloses that he delivered a copy of the writ and the notice to the clerk of the district court only, and the record discloses affirmatively that Albert W. Ogg did not receive either—indeed, that he was absent for a long time before the execution was issued and continuously thereafter until some time subsequent to the date of the sale. Since the provisions of the statute were not observed, the officer failed in his attempt to make a valid levy, (*Wilson* v. *Harris*, 21 Mont. 374, 54 Pac. 46; *Keith* v. *Ramage*, 66 Mont. 578, 214 Pac. 326.)

(3) Did the failure of the sheriff to observe the directions of the statute with reference to the levy render the sale absolutely void or only voidable? The purpose of the levy is [4] to subject the property to the custody of the law and place it beyond the power of the judgment debtor to transfer it or divert it to any other use or purpose. (*Britannia Mining Co.* v. *United States F. & G. Co.*, 43 Mont. 93, 115 Pac. 46.) Hence the authorities generally hold that mere irregularities in making the levy do not render the sale void. (*Cavender* v. *Smith*, 1 Iowa, 306; *Riddle* v. *Bush*, 27 Tex. 675; *Black* v. *Mullins & Co.*, 86 N. J. L. 463, 92 Atl. 281; *Solomon* v. *Peters*, 37 Ga. 251, 92 Am. Dec. 69; *Blood* v. *Light*, 38 Cal. 649, 99 Am. Dec. 441; *Bock* v. *Losekamp*, 179 Cal. 674, 179 Pac. 516.) In *Blood* v. *Light*, the California court held that the purchaser at execution sale is required only to show a sale and the authority of the officer to make it. The deed or certificate is evidence of the former and the judgment and execution prove the latter. He is bound to know that there is a judgment which is not void and an execution which is regular on its face.

In 2 Freeman on Executions, section 274, it is said: "The various acts which the sheriff is by statute required to perform are generally regarded as directory merely, and not as being essential to give him power to sell." (See, also, *Burton* v. *Kipp*, 30 Mont. 275, 76 Pac. 563.)

We conclude, therefore, that the sale was not absolutely void, but only voidable.

(4) Did the trial court have authority to set the sale aside upon the motion which was made? It is urged for the [5] purchaser that the proceeding by motion in the original action to which she was not a party is a collateral attack upon the sale, but with this we do not agree. By making the purchase, the purchaser becomes a party in interest (2 Freeman on Executions, sec. 305), and in any event the proceeding is a direct and not a collateral attack within the

generally recognized definitions of those terms (*Burke* v.
*Interstate S. & L. Assn.,* 25 Mont. 315, 87 Am. St. Rep. 416,
64 Pac. 879; *Jenkins* v. *Carroll,* 42 Mont. 302, 112 Pac. 1064;
*Price* v. *Skylstead,* 69 Mont. 453, 222 Pac. 1059).

While counsel for the purchaser concede that under certain
[6] circumstances an execution sale may be set aside upon
motion, they insist vigorously that the motion in this in-
stance, based solely upon the ground that the sheriff did
not levy upon the property he assumed to sell, does not pre-
sent a case which authorizes a court, by motion or otherwise,
to set aside a sale as against a purchaser who was not a party
to the action in which the execution issues.

The authorities all agree that the procedure to set aside an
execution sale is by motion or by an independent action (23
C. J. 682; 2 Freeman on Executions, sec. 305); but whether
the one remedy or the other is available in a given instance is
a subject of some controversy.

Counsel for the purchaser rely largely upon the decision
in *Bryan* v. *Berry,* 8 Cal. 135, where it is said: "When the
plaintiff in the execution is the purchaser, and before he
conveys to another, the court will set aside the sale, upon
motion. But after he conveys to a third person, and when
a third person becomes a purchaser, the court will not de-
termine, in this summary way, questions which may affect
the rights of others not before the court, and without oppor-
tunity of explaining away those circumstances which might
destroy his title." The California case was decided in 1857,
and the language above was quoted from *Day* v. *Graham,*
1 Gilm. (Ill.) 435, decided in 1844. The rule thus an-
nounced apparently prevails in Illinois (*Jenkins* v. *Merri-
weather,* 109 Ill. 647) and in South Dakota (*McCarthy* v.
*Speed,* 16 S. D. 584, 94 N. W. 411), but not in California. In
*Thompson* v. *Superior Court,* 119 Cal. 538, 51 Pac. 863, where
a third person was the purchaser at a judicial sale, and the
sale was thereafter set aside on motion, the purchaser con-

tended that he could not be deprived of his property in that manner, but the supreme court overruled his contention, and said: ''While the party seeking relief may resort to his bill in equity, he may—and, indeed, it is often the preferable practice—apply by motion to the court which has decreed the sale, and, in applying to such court, he may base his application upon any equitable principle of relief which would give jurisdiction to a court of equity in any other case of sale.'' There was not any reference made to *Bryan* v. *Berry*.

In *Ford* v. *California Inv. Co.*, 180 Cal. 616, 182 Pac. 274, a sale under execution had been made and the purchaser was not a party to the action. The sale was set aside upon motion for inadequacy of the price paid, and for fraud. In the supreme court the purchaser contended that as to him the sale could not be set aside upon motion. The contention was overruled upon the authorities of *Thompson* v. *Superior Court*, and the court then said: ''If *Bryan* v. *Berry*, 8 Cal. 135, * * * is to be taken as holding to the contrary, it must be deemed to have been overruled on this point.''

Notwithstanding these later decisions by the California court, it is insisted that *Bryan* v. *Berry* is still authority for the position which the purchaser in this proceeding assumes, *viz.*, that the court below was without authority to set aside the sale upon motion based upon the ground that the sheriff did not levy upon the property he assumed to sell—a ground manifestly insufficient to warrant relief in equity. (23 C. J. 685.) In other words, it is contended that a sale to a third person not a party to the action can be set aside only for causes which would be sufficient to give a court of equity jurisdiction to set it aside, and that this is all that was decided in *Thompson* v. *Superior Court*, or in *Ford* v. *California Inv. Co.* We do not think that the effect of those decisions can be circumscribed to this extent. *Bryan* v. *Berry* held directly that, when property is sold to a third person not a party to the action in which the execution issued, a motion to set aside the sale

will not lie. By overruling that decision the court held that
in a proper case a motion will be entertained to set aside an
execution sale, even though the purchaser is not a party to the
action in which the writ issued, and these later cases are in
harmony with the preponderant authority. It is true that in
*Thompson* v. *Superior Court* it was said that a motion to set
aside an execution sale may be grounded upon any equitable
principle which would give jurisdiction to a court of equity,
but it was not said, and manifestly was not intended to convey
the idea, that a motion would lie only for reasons which
would give a court of equity jurisdiction to set the sale aside.

In *Browne* v. *Ferrea,* 51 Cal. 552, it was held that a sale
*en masse* of several distinct parcels of land did not render
the sale void, but only voidable. The court said: "This was
an irregularity, to correct which the defendant had his remedy
by motion to set aside the sale on notice to the judgment
creditor, sheriff, and purchaser at the sale." This was ap-
proved in *Marston* v. *White,* 91 Cal. 37, 27 Pac. 588.

In *Anglo-Californian Bank* v. *Cerf,* 142 Cal. 303, 75 Pac.
902, and in *Bechtel* v. *Wier,* 152 Cal. 443, 15 L. R. A. (n. s.)
549, 93 Pac. 75, it was assumed that the procedure by motion
to set aside a sale for irregularities was proper, and in *Craig*
v. *Stansbury,* 37 Cal. App. 668, 174 Pac. 404, it is said that
that assumption was justified.

In *Humboldt S. & L. Soc.* v. *March,* 136 Cal. 321, 68 Pac.
968, the court said: "Whether a motion to vacate a sale
of property made in execution of a judgment, on account of
some irregularity on the part of the officer making the sale,
should be granted, rests very largely in the discretion of the
court."

In view of these decisions, it cannot be said that the Cali-
fornia court has gone further than to place itself in harmony
with the prevailing opinion in this country.

In 23 Cyc. 682, it is said: "The general rule is that a
proceeding to set aside a sale under execution may be and

generally should be by motion, unless the character of the controversy is such that it cannot in justice to all concerned be determined upon such an informal presentation.''

In Rorer on Judicial Sales, section 852, the author says: ''The application to set a sale aside should ordinarily be made first by motion to the same court from whence the process of execution issued.''

In 10 R. C. L. 1320, it is said: ''Generally, the aggrieved party proceeds by motion in the court from which the execution issued.''

In 2 Freeman on Executions, section 310, the author says: ''No doubt an execution sale may be vacated by motion made to the court and in the case whence the writ issues.'' The text is amply supported by the authorities. (23 C. J. 682; see, also, *Bernard* v. *Herzog,* 12 Mont. 519, 31 Pac. 74.)

While the authorities agree that a court may, upon motion, set aside an execution sale, the grounds upon which the motion may be granted are so various as to defy complete enumeration. (2 Freeman on Executions, sec. 308.) Speaking generally, trivial irregularities in the writ or the levy do not constitute sufficient ground particularly where no injury appears to have been suffered by an interested party (23 C. J. 672); but, as said by Freeman in the section just cited: ''Every motion for quashing a sale is to be determined with reference to all the attendant circumstances under which the writ was executed. If the proceedings all appear to be fair, if no undue advantages have been taken, if the prices realized are not disproportionate to the value of the property sold, then the sale cannot be avoided, except for irregularities of the gravest character. If, on the other hand, the proceedings have been marked by harshness and oppression, or connected with circumstances indicating an attempt to obtain an unconscionable advantage, or if the property has manifestly been sacrificed, or if any other serious wrong has resulted to anyone from the sale, the courts will

gladly seize upon any irregularity, and perhaps magnify its importance, in order to find a legal justification for such measures as will clearly subserve the ends of justice."

In 23 Corpus Juris, 670, it is said: "The sale cannot be set aside except for some good and sufficient reason, but may be set aside for about the same reasons that judicial sales, in the strict meaning of the term, may be set aside. Where the motion is made in due season and by a proper party, the sale will generally be set aside if there has been a mistake, irregularity, or fraud in the conduct thereof, to the prejudice of either party to the action, or to a third person." With reference to judicial sales, the same authority declares: "Since the law aims to uphold such sales, it follows that the court, in the exercise of its discretion, will not, as a rule, set aside the sale for mere informalities or irregularities, or slight, trivial, and immaterial defects in the proceedings, or causes which the parties in interest might, with a reasonable degree of diligence, have avoided, especially at the instance of one who acquiesced in the irregularities. * * * But where the irregularities are such as to have worked hardship, injustice, or unfairness, or have been coupled with inadequacy of price, a sale may be set aside." (35 C. J. 98.)

As said by the California court in *Humboldt S. & L. Soc.* v. [7] *March*, above, the question whether an execution sale shall be set aside upon motion for irregularities in the writ, or in its execution, is addressed to the sound discretion of the trial court, and with this we agree.

These considerations, at least, were present to move the discretion of the court:

The sale, if permitted to stand, would convey absolutely all the interest of Albert W. Ogg in the action to recover $3,000 and his entire cause of action for the recovery of $2,500. (Sec. 9440, Rev. Codes.)

He was not afforded the information that his property was about to be sold, which service of a copy of the execution and the notice would have conveyed.

He was absent for a long time prior to the date upon which the execution was issued and during all of the proceedings until after the sale was made.

He moved promptly to have the sale set aside and tendered into court the full amount paid by the purchaser, which amount was sufficient to satisfy the judgment against him.

Under these circumstances, it cannot be said that the court abused its discretion in vacating the sale and canceling the certificate of sale.

This proceeding was instituted to secure a writ of supervisory control, or other appropriate writ. A writ of review was issued, but we have not confined ourselves to a consideration of the purchaser's rights under that writ alone, but have treated the questions, presented by the briefs, upon the merits.

Our conclusion is that the purchaser does not disclose a right to any relief from this court, and therefore the proceeding is dismissed.

*Dismissed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.