# BRYAN v. BERRY.

Appellants must show, in their transcripts, the necessary bond to effect the appeal, or else, by the certificate of the clerk in the Court below, that the undertaking has been filed, and the time of filing the same.

Parties intending to take advantage of the failure to file the requisite undertaking, must do so before the case is submitted.

Notice of a motion to set aside an execution and a levy made thereunder, will not operate as a stay of proceedings.

Where a judgment is rendered, and an appeal taken to this Court, the Court below loses control over the judgment, and an order amending the judgment is erroneous.

An appeal will lie from an order of the Court below, changing the judgment.

Where third parties have purchased, at an execution sale, it is too late to move to set aside the execution.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

This was an action by the plaintiff, Bryan, against D. M. Berry, John H. Berry, and James H. Gordon, on a joint and several promissory note. Judgment was rendered thereon, on the tenth day of January, 1856, against all the defendants, *jointly*, for thirty-eight hundred dollars, and costs. A notice of a motion for a new trial, on behalf of D. M. Berry, was given, on the twenty-sixth day of January, A. D. 1856, and sustained by the Court. The case was afterwards tried between the plaintiff and D. M. Berry, at the March Term, 1856, of the Court below, and judgment rendered against the said D. M. Berry, for forty-one hundred and seventy-six dollars and sixty-three cents, and costs. An appeal was afterwards taken to the Supreme Court, by D. M. Berry, but no undertaking on appeal, filed to stay execution, was given. At the hearing thereof, in this Court, the judgment was reversed, at the October Term, 1856.

On the fifth July, 1856, execution was issued, as upon a judgment in favor of the plaintiff, and against all the defendants, for forty-one hundred and seventy-six dollars and sixty-three cents, and costs.

On the seventh July, 1856, the sheriff made a levy upon cattle, etc., and on the fifteenth July, 1856, sold the same.

On the fourteenth July, 1856, D. M. Berry, the appellant, and the other defendants, gave notice of a motion to set aside the execution issued, and the levy made under it, on the ground that such execution was erroneous, irregular, and void. The motion to set aside said execution, etc., was heard on the twenty-ninth September, 1856.

On the thirtieth September, 1856, the District Judge made an order, denying the motion to set aside the execution, and in the same order stated that a cross motion was made, on behalf of plaintiff, " to amend the record of the judgment, and the pro-

ceedings upon said record, and also the docket of said judgment," and " ordered that the judgment-record, and proceedings therein, made on the —— day of June, 1856, in the above entitled cause, be amended, by making the entry of judgment correspond to the title of the cause, so that such judgment shall stand against Daniel M. Berry, defendant, severally, as impleaded with John H. Berry and James H. Gordon, and that the docket of said judgment be altered, so as to conform thereto, and that such amendment be made *nunc pro tunc*, so that such judgment shall be in all respects a perfect several judgment against said Daniel M. Berry, for the sum therein specified, from the date of which the same was entered, and that the execution issue on said judgment, and all proceedings therein be made to conform to the judgment, as amended by this order."

From the order made as above, the said Daniel M. Berry appealed to this Court, on the eighteenth day of November, 1856.

*John Currey* for Appellant.

The Court below seemed to proceed upon the hypothesis that the execution was merely erroneous and voidable, and that power existed in such Court to amend it. If the execution was void, there was nothing by which it could be amended. That the execution was void, I think there need be no doubt.

In Parsons *v.* Lloyd, 3 Willson's R., 345, De Gray, C. J., observes : " There is a great difference between erroneous process and irregular (that is to say, void,) process. The first stands valid and good, until it be reversed; the latter is an absolute nullity from the beginning. The party may justify under the first, until it be reversed; but he cannot justify under the latter, because it was his own fault that it was irregular and void at first." See, also, to same point, 1 Cowen R., 734, 735.

In Woodcock *v.* Bennett, 1 Cowen R., 734, 735, the Court says : " There is a marked distinction between judgments reversed for error, and executions set aside for irregularity. In the latter case, the party is never excused, if the irregularity be such as renders the process void. One case is the fault of the party himself; the other is considered the error of the Court." Roe *v.* Wilton, 2 Wils. R., 385.

There is a very great difference between an irregular process and an erroneous process. The suing out an irregular process is the act of the party himself, for which he shall be answerable; but the awarding erroneous process is the act of the Court. See Serjeant Glynn's Argument and Decision, by De Grey, C. J., in 3 Wilson R., 343, etc. See, also, Simonds *v.* Catlin, 2 Caines R., 61.

By the two hundred and ninth section of the Practice Act, it is provided that " the party in whose favor judgment is given, may, at any time within five years after the entry thereof, issue

a writ of execution for its enforcement, as prescribed in this chapter."

The writ of execution, by our statute, is issued as the act of the plaintiff; it is not awarded by the Court, and the plaintiff causes the same to be issued at his peril. If it fails to refer to the judgment intelligibly, or fails to state the names of the parties, the judgment, and the amount thereof, and the amount actually due thereon, it is not the erroneous act of the Court, but is an irregularity of the party himself, the consequences of which the party in fault must bear. See Practice Act, §§ 209, 210.

The order under review was a denial of the motion to set the execution aside; and at the same time, the Court entertained a cross motion, as it is said, "to amend the record of the judgment and the proceedings upon said record, and also the docket of said judgment," and "ordered" that the judgment-record, and proceedings therein, made on the ————— day of June, 1856, be amended, etc.

The Court was mistaken in supposing any proceedings were had concerning the judgment-record in June, 1856. The judgment against the appellant was rendered at the March Term, and was a several judgment against him. There was no judgment or judgment-record to be amended. See Morrison *v.* Dopman, *3 Cal. R.*, 255.

The execution was not amended. It stands now as it did before said order. The appellant's property has been sold under it, as upon a judgment against three persons jointly, which, in fact, never had existence.

The Court is requested to notice the question here suggested: Was not the judgment of January Term, 1856, against John H. Berry and J. H. Gordon, a merger and extinguishment of the note? If so, is not the judgment rendered in March, 1856, void?

*Whitman & Bryan* for Respondent.

This is a strange case, as will be perceived from the record and upon an inspection of appellant's brief.

This cause, upon its first hearing below, was decided in favor of respondent, against three defendants. One moved a new trial upon the ground that he was merely a surety upon the note, and not originally liable.

The new trial was granted, and upon the hearing, there was a separate judgment entered against the one who obtained a new trial.

From that judgment he appealed to this Court; and at the October Term, 1856, a decision was rendered by this Court, reversing the judgment below.

A re-hearing was granted in this Court, and upon the re-hearing, the Court, in an additional opinion, affirmed their former opinion in the cause.

Bryan *v.* Berry.

Pending the appeal to this Court, the appellant, Berry, not having filed a bond for stay of proceedings, as he should have done, to stay execution in the cause, an execution issued, and a part of the money was made upon the same, before judgment of reversal was pronounced in this Court. There was a clerical error discovered in the judgment and execution, there being too many parties named in the same, and, upon motion, the Court, by an order *nunc pro tunc,* amended the same.

Now, the appellant, having succeeded in his former suit, by the judgment of reversal of this Court, and the judgment itself being thereby destroyed, he now goes back and appeals from the order correcting the judgment and execution in the matter of clerical mistake, as to naming too many parties.

That is to say, this Court, upon appeal, has destroyed the judgment, yet the appellant afterwards appeals to this Court, from an order in the case affecting the execution.

This is extraordinary. A mere statement is sufficient to show its absurdity. The judgment has already passed through this Court, and is dead, yet an order affecting the judgment and execution can be reviewed in this Court, after the death and burial of the judgment.

If the judgment and execution in our favor was erroneous, so much the better for them, since the judgment was reversed, and one ordered in their favor. The more defects in process, the more favorable to them. An order amending the judgment and process in any manner, could have no effect where the judgment itself is pronounced erroneous. This is too clear for argument.

If they can appeal from an order affecting the judgment and execution, after reversal of judgment, they can appeal from a summons, *præcipe,* order of continuance, or any other interlocutory order or process after the judgment itself has been passed upon in the appellate Court; which is too ridiculous to allow or reasoning upon it.

The fault has been with the appellant. If he wished the execution stayed, he should have filed a bond, to stay proceedings pending his appeal to the Supreme Court.

Having failed to do this, he cannot go back after succeeding in the Supreme Court, and appeal from an order in the same cause, for the purpose of having process pronounced irregular.

The record also does not show that in this second appeal, in the same cause, any bond was filed for appeal to this Court.

We claim that the appeal should be dismissed, with costs.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

This case was decided at the present term, not upon the merits, but upon the ground that there was no undertaking on ap-

peal. As no appeal is effectual for any purpose without an undertaking, the appellant must show affirmatively that the undertaking required was given. In this case, the transcript did not show that such undertaking was filed, but upon an application for a re-hearing that fact is shown by the affidavit of the counsel of defendant, Berry, and by the certificate of the clerk, and that the undertaking, after having been filed, was lost. To show that the undertaking is filed, the certificate of the clerk will be *prima facie* sufficient, without inserting a copy, and if the respondent has any objections to make against the sufficiency of the undertaking, he should do so, by motion to dismiss the appeal before the case is submitted, and in support of his motion he may use a certified copy of the undertaking.

As the practice in this respect has not been settled, we think the case of the appellant should not be dismissed, under the circumstances. But hereafter, we shall expect the appellant to show by the certificate of the clerk that the undertaking has been filed in due time, and if not shown to have been filed, then we shall require the respondent to make his objection by motion to dismiss, and not for the first time in his brief.

This case was before this Court upon the merits, and was decided at the last October Term, and the *remittitur* sent down on the second of December, 1856. After the appeal was taken, the plaintiff caused an execution to issue against the property of all the defendants, as no sufficient undertaking had been filed by defendant Daniel M. Berry, to stay the execution. The execution was issued on the fifth day of July, 1856, returnable in forty days, and was levied on the property of defendant D. M. B., on the seventh of July, and the property sold on the fifteenth, and the execution returned on the fourth of August, 1856. On the fourteenth day of July, one day before the sale, the defendant D. M. B., gave notice to the attorney of the plaintiff that he would, at the next term of the District Court, make a motion to set aside the execution, and the levy made under it. The motion was made on the thirtieth of September, 1856, and overruled by the Court, and an order made by the Court upon the application of the plaintiff, amending the judgment-record *nunc pro tunc*. From the order overruling the motion to set aside the execution and levy, and from the order permitting the amendment, the defendant, D. M. B., appealed on the eighteenth November, 1856.

We think the District Court did not err in overruling the motion to set aside the execution and levy. The notice that a motion would be made did not operate as a stay of proceedings. After giving the notice, the defendant should have procured an order staying the sale under the execution until his motion could have been heard. Greenup et al. v. Brown; Baird v. Farnum, Breese, 194, 303; Robinson v. Chisseldine et al., 4 Scam., 333.

Bryan v. Berry.

Without such an order the proceedings must go on, and it was too late to move to set aside the execution after the sale, as a part of the property had been purchased by third persons not parties to the suit. The motion was to set aside the execution and levy, and the effect of this motion, if sustained, would have been to declare void the sales made of the property, as well that portion sold to third parties, as that portion sold to the plaintiff in the execution.

In the case of Day et al. v. Graham, (1 Gil. R., 435,) this question is very fully considered, the authorities reviewed and the correct doctrine laid down. In that case, the Court say :

"Upon these authorities we are of opinion that when the plaintiff in the execution is the purchaser, and before he conveys to another, the Court will set aside the sale, upon motion. But after he conveys to a third person, and when a third person becomes a purchaser, the Court will not determine in this summary way, questions which may affect the rights of others not before the Court, and without opportunity of explaining away those circumstances which might destroy his title."

But in reference to the order permitting the amendment, we think there was error. The case was pending in this Court, on appeal, and the District Court had lost all power over the judgment. The right to issue the execution was not suspended by the appeal, but the right to amend the judgment appealed from was taken away.

It is insisted by the plaintiff, that as the judgment against defendant D. M. B. was reversed in this Court, and the judgment thereby destroyed, that the defendant had no right to appeal from the order permitting the amendment. But this objection is more plausible than real. The appeal from the order was taken November 18th, and the case on appeal was not finally disposed of in this Court until the second of December. And for the very reason that the judgment as it stood before the amendment, was reversed by the decision of this Court, it was proper that the defendant should appeal from the order *changing* the judgment pending the appeal. It is unnecessary to decide the question raised in the close of the defendant's brief. The case of Stearns v. Arguella, goes far to settle the point raised.

For these reasons, that portion of the order made by the Court below permitting plaintiff to amend his judgment against the defendant D. M. Berry, is reversed, and the Court below will enter an order vacating the same. The appellant is entitled to the costs of this appeal.