CITY AND COUNTY OF SAN FRANCISCO *v.* PIXLEY *et al.*

A SALE in mass, under a writ of execution, of real estate, consisting of several known and distinct parcels, at a price greatly below the actual value of the property cannot be sustained against the objection of the judgment debtor.

Such sales are not absolutely void; but are voidable, and will be set aside upon reasonable and proper application, when there is reasonable ground for belief that they were less beneficial to the creditor or debtor than they would have been had a different mode been pursued.

Under an execution against the city and county of San Francisco, the Sheriff sold a tract of land, belonging to the corporation, one mile in length and half a mile in width, which had, long previous to the sale, been laid out by the city authorities into blocks and streets of designated dimensions and boundaries, and marked upon the official map of the city; part of the land lay under the tide waters of the bay of San Francisco, and the dry land was intersected by a navigable stream. The property was sold in mass for three hundred and sixty dollars, and was worth at the time about $75,000 : *Held,* that upon application by the judgment debtor, the sale was properly set aside, on account of the manner in which it had been made.

When the application to set aside a voidable sale under execution should be made by motion and when by bill in equity, discussed.

APPEAL from the Fourth Judicial District.

The facts are stated in the opinion.

*S. Heydenfeldt,* for Appellants.

*Hoge & Wilson,* for Respondent, cited Pr. Act, sec. 223 ; *Jackson* v. *Newton* (18 Johns. 356) ; *Cunningham* v. *Cassidy* (17 N. Y. 276).

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

This is a suit on the equity side of the Court to set aside a sale of certain real property, made under execution issued upon a judgment against the city of San Francisco.    The facts of the case, so far as they are material for the determination of the appeal, are as follows :  In January, 1856, James Haslett recovered a judgment in the late Superior Court against the city of San Francisco for about $1,020.    Upon this judgment the sum of five hundred and twenty-five dollars was collected and credited.    Afterwards the judgment was assigned by Haslett to the defendant McMinn, and by McMinn to the defendant Reese.    Upon the abolition of the Superior Court, the record and judgment were, by operation of law, transferred to the District Court ; and subsequently, by order of that Court, the judgment was revived against the existing corporation—the City and County of San Francisco—as the successors of the former municipal corporation.   Some question is made as to the efficacy of the proceedings for the revival of the judgment, which we do not consider important to notice.    In December, 1857, execution was issued for the balance due upon the judgment, and several tracts of land were sold thereunder by the Sheriff.    One of them is bounded, according to the official map of the city and county, as follows : " On the west by Folsom Street ; on the north by the south side of Tracy Street extended eastwardly to the eastern front of the city of San Francisco as fixed by the Legislature of 1851 ; on the east by ships channel in the bay of San Francisco ; and on the south by the north line of Corbett Street extended eastwardly to ships

San Francisco v. Pixley.

channel in the bay." This tract was bid off by the defendant Pixley, for the sum of three hundred and sixty dollars. In making the bid, Pixley acted simply as the attorney of one Pearson, and by direction of Pearson he assigned the certificate of sale received from the Sheriff to one Wheeler, a clerk in the office of Pearson. It is unnecessary to allude to the other tracts sold, as from the decision of the District Court setting the sale aside Pixley and Wheeler alone appeal. So far as Pixley is concerned, the appeal is not seriously prosecuted; nor, indeed, could he be allowed to urge any objections to the decree, for he disclaims in his answer all interest in the subject matter of the suit, and the decree does not charge him with costs. The appeal must be considered, therefore, as prosecuted by Wheeler alone, and must be determined upon the regularity and validity of the sale of the tract described.

This tract is about a mile in length by half of a mile in width; and was, long previous to the sale, laid out by the city authorities into blocks and streets of designated dimensions and boundaries, which are marked on the official map of the city. Part of the land lies under the water, and the dry land is intersected by Mission Creek, which is a navigable stream. The whole tract was sold in one entire mass, without regard to the natural divisions made by the creek, or the divisions into blocks and streets as plotted on the official map, or to the fact that part of the land lies under the tide waters of the bay. It is alleged by the plaintiff, that the entire tract was worth at the time about $75,000; and it is evident that the different parcels, into which it is divided, might have been sold separately at prices approximating in the aggregate this statement of the value of the property, and that several of the parcels sold separately would have produced an amount exceeding the sum bid.

A sale in this manner of several known parcels at a price greatly below the actual value of the property cannot be sustained against the objection of the judgment debtor. A sale in mass of several distinct known parcels is against the express direction of the statute, which, in its provision in this respect, affirms a rule previously prescribed by the almost uniform decisions of the Courts. (Pr. Act, sec. 223.) Many persons might be disposed to bid for separate parcels of a particular tract who have neither the wish nor

San Francisco v. Pixley.

the means to acquire the whole tract. Such sales are, therefore, generally condemned as tending to the sacrifice of the property of the debtor, and his consequent oppression. "They are," says Mr. Chief Justice Spencer, "not to be countenanced or tolerated. They are oppressive and unnecessary." (*Jackson* v. *Newton*, 18 John. 356.) It has, in consequence, been almost a matter of course to set such sales aside upon the application, within a reasonable time thereafter, of the debtor or parties interested in the premises, and proof of actual or probable loss from the course pursued. Such sales are not, indeed, absolutely void. Cases may occur where a sale in this manner would be more beneficial to the debtor than a sale of the parcels in detail; also where a division, though actually existing, may not be so well known and notorious as to require its recognition by the Sheriff and bidders. But where the property consists of distinct and well known parcels, such sales are voidable; and upon seasonable and proper application, when there is reasonable ground for belief that they were less beneficial to the creditor or debtor than they would have been had a different mode been pursued, the Court will not hesitate to set them aside. (*Cunningham* v. *Cassidy*, 17 N. Y. 276.)

Whether the application for relief should be presented by motion to the Court or by bill in equity will depend upon the special cirstances of the particular case. In *Bryan* v. *Berry* (8 Cal. 135) this Court approved of the rule laid down by the Supreme Court of Illinois in *Day* v. *Graham* (1 Gillman, 435). In the latter case the Court, after citing several authorities, said : "Upon these authorities we are of opinion that when the plaintiff in the execution is the purchaser, and before he conveys to another, the Court will set aside the sale upon motion. But after he conveys to a third person and when a third person becomes a purchaser, the Court will not determine in this summary way questions which may affect the rights of others not before the Court, and without opportunity of explaining away those circumstances which might destroy his title." The case at bar differs from that of *Day* v. *Gilman* in this : that there a deed had been executed by the Sheriff; but here no deed has been executed upon the sale, but merely a memorandum or certificate—a deed, under our statute, only following in case a

redemption is· not made within six months thereafter.  Whether the rule for this reason should be in any respect modified, it is unnecessary to express any opinion.  No question was made on the argument as to the mode in which relief is sought in the present case, by bill in equity.

Judgment affirmed.