## BOLES *et al.* v. JOHNSTON.

A COURT of Equity will not set aside a Sheriff's sale and a deed executed under it in a collateral action commenced for that purpose, by reason of irregularities in the conduct of the officer in making the levy and sale.

If parties have any remedy under such circumstances, it is by motion properly made in the Court where the judgment was rendered, to set aside the sale.

APPEAL from the District Court, Ninth Judicial District, Siskiyou County.

The facts are stated in the opinion of the Court.

*J. A. Fletcher*, for Appellants.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover the possession of a house and lot in Siskiyou County. The complaint alleges that the plaintiffs are the owners of the property in question, and that the defendant claims title to it under and by virtue of a Sheriff's sale and deed, under an execution issued upon a judgment against the plaintiff Boles and one Martin. - The complaint sets forth numerous irregularities in the conduct of the officer in making the levy and sale, and avers that he and the sureties on his official bond are either insolvent or have left the State, taking their property with them. There is no averment that the defendant had notice of these irregularities, or that he in any way participated therein. The case was submitted to the Court below upon the facts stated in the complaint, and the exhibits of the judgment and execution attached thereto, and the Court dismissed the case, from which the plaintiffs appeal.

Whether a Court of Equity might not grant relief in a proper case showing fraud in the conduct of the Sheriff in selling property in violation of the rights of the parties and the requirements of the statute, of which the purchaser and those claiming under him had notice, or in which they may have participated, is a question unnecessary to determine in this case, as it is not founded upon any such state of facts. If the plaintiffs have any remedy at all under the

facts stated, it is by motion properly made in the Court where the judgment was rendered to set aside the sale, and not in this collateral action. The right of action here is founded solely upon these irregularities, and the Court below committed no error in dismissing the action.

The judgment is affirmed.