[113 561]
[s117 502]

[S. F. No. 290.   Department One.—July 28, 1896.]

WILLIAM ORTON, ASSIGNEE OF THE CONSUMERS' LUMBER COMPANY, APPELLANT, *v.* T. M. BROWN ET AL., RESPONDENTS.

PRACTICE—BILL OF EXCEPTIONS—STATEMENT OF EVIDENCE.—Where the weight or effect of evidence is to be considered, as upon motion for a new trial on the ground of the insufficiency of the evidence to justify the verdict or finding, it is the duty of counsel for the moving party to incorporate in his proposed bill of exceptions all of the evidence which he deems material. If he omits to do so, and amendments are inserted in the proposed bill at the instance of the adverse party, to the effect that he introduced evidence "tending to prove" certain facts in support of the verdict or finding, and in pursuance of a stipulation of the parties the bill is settled in that form, the appellate court will hold the statement of the evidence sufficient to show a material conflict, and will refuse to grant a new trial on the ground of its insufficiency to justify the verdict or finding.

CXIII. CAL.— 36

EXECUTION SALE—PERSONAL PROPERTY.—An execution sale of several arti-
cles of personal property in one lot, instead of separately, although
irregular, is not void.

ID.—VACATING SALE—LIABILITY OF SHERIFF.—A sheriff who sells personal
property under execution, which is immediately taken possession of by
the purchaser, is only liable, upon such sale being set aside, for his
failure to retake the property.

APPEAL from an order of the Superior Court of
Humboldt County refusing a new trial.   G. W. HUNTER,
Judge.

The facts are stated in the opinion.

*J. W. Turner*, for Appellant.

*S. M. Buck*, and *F. A. Cutler*, for Respondents.

HAYNES, C.—Action upon sheriff's bond.   Judgment
was entered for defendants upon the verdict of the jury,
and plaintiff appeals only from the order denying his
motion for a new trial.

Plaintiff is the assignee of the Consumers' Lumber
Company, an insolvent corporation, which operated in
Humboldt county, and defendant Brown is the sheriff
of said county.

On May 2, 1891, and prior to the insolvency proceed-
ings, one Georgeson obtained judgment against said cor-
poration for the sum of $1,031.58 and costs, in which
action the plaintiff attached certain lumber and shingles;
and on May 7th an execution was levied on said prop-
erty, which was afterward, on May 20, 1891, sold by the
sheriff in one lot, and not in separate parcels, for the
sum of $700, to H. H. Buhne, Jr.

On May 23d, said corporation served notice upon the
judgment creditor, the sheriff and said purchaser, that
on May 28th, it would move the court to set aside said
sale upon the ground of irregularity, specifying that the
sale was conducted in disregard of the requirements of
section 694 of the Code of Civil Procedure, in that
596,000 feet of lumber and 326,000 shingles were sold
in one lot for a grossly inadequate price.

Said motion was heard on June 3d, and an order was made vacating the sale and ordering "that the money paid by the sheriff to satisfy preferred claims be returned to the sheriff by the parties receiving the same, and that the $700 paid by Mr. Buhne for the property be returned to him by the sheriff," and ordering a resale of said property to be made according to law.

On June 23, 1892, Buhne appealed from said order, and on November 21, 1892, the supreme court affirmed the order.

On June 20, 1891, certain creditors of said corporation commenced proceedings in insolvency against it, and on August 14, 1891, it was adjudged an insolvent debtor, and said judgment was, on appeal, affirmed May 20, 1893, and plaintiff was thereafter appointed assignee.

The foregoing facts alleged in the complaint are not disputed; but the complaint further alleged that it was the duty of the sheriff to take and hold said lumber and shingles under the said process and order of the court, and to safely keep the same in his custody and possession so that the same could be subjected to sale, and on information and belief further alleged that he did not do so, but that he (said sheriff) colluded, confederated, and conspired with said Buhne, and willfully and in violation of his duty agreed that Buhne should take said lumber and shingles out of his possession, and "that said lumber and shingles were taken out of his custody and possession by said Buhne," to the damage of said corporation in the sum of $6,300, "and thereby the said sheriff placed it beyond his power to again sell said lumber and shingles in obedience to the lawful commands of said court."

The prayer was for judgment for the said sum of $6,300, with interest from May 20, 1891.

The answer admitted the levy upon and sale of the property to Buhne in the manner and for the sum alleged, and that said sale was set aside, and that Buhne appealed from said order, and denied specifically all allegations of the complaint charging the defendant Brown with misconduct or neglect.

Upon the trial the plaintiff introduced several wit- nesses, whose testimony, we assume, sustained his alle- gation as to the value of the lumber and shingles.  He also put in evidence the execution under which said property was sold, with the return of the sheriff thereon.

The return, after reciting the levy and notice of sale, and giving a list by numbers and dimensions and quality of the lumber, and the quantity of the shingles, proceeded as follows:  "And sold the whole of the same in one lot or parcel to H. H. Buhne, Jr., for the sum of $700, United States gold coin, said purchaser being the highest bidder, and said sum being the highest bid for the same.  And I further certify that thereafter on the third day of June, A. D. 1891, the sale was vacated and set aside by the Honorable G. W. Hunter, superior judge of Humboldt county, California, and a resale or- dered, and thereafter H. H. Buhne appealed to the su- preme court from such order.  Dated, July 6, 1891."

The plaintiff called said sheriff as a witness, and he testified as follows:

" I remember the sale of lumber and shingles under that execution.  I made it myself.  I sold it to Buhne for $700.  I had notice that the sale was set aside by the court.  I gave a certificate of sale to Buhne.  After the sale was set aside I did not retake the lumber from Buhne.  The greater portion of it had been taken away. I don't know when the lumber was taken away.  I only know by hearsay.  It was never sold under the order of the court.  I remember after the supreme court affirmed the order of the court setting aside the sale that you talked to me about it.  I don't know when the lumber was removed."

No other evidence was given or offered on behalf of the plaintiff.

As to the evidence on behalf of the defendants, the bill of exceptions does not set it out, but proceeds to state that:

"Defendants introduced evidence tending to prove the following facts": That after the sale and delivery of

the lumber to Buhne, and before the sheriff had notice that the sale had been vacated, the purchaser had taken and converted the same to his own use and placed it out of the power of the sheriff to retake or resell the same. "Defendants also introduced evidence tending to prove" that the lumber was so spoiled in manufacturing, and by being covered with sand, that it had no market value at the time of sale.

"Defendants also introduced evidence tending to prove".that it was not the duty of the sheriff to retake said lumber after said sale, or to keep it in his custody or possession until disposed of under the order of the court; that said sheriff did not collude or conspire with Buhne in contempt of the process and orders of the court, or at all; or consent that said property should be taken out of his custody or possession, except as the same was delivered to said Buhne as the purchaser at said sale and by virtue thereof.

The specifications upon which plaintiff's motion for a new trial was based are: That the evidence is insufficient to justify the verdict; that the verdict is against law; and that the court erred in giving and refusing certain instructions.

The opinion of the court in passing upon the motion for a new trial is printed in the transcript, and a considerable portion of it, as well as a larger portion of appellant's brief, is devoted to criticising the bill of exceptions upon which said motion is based as to the manner in which the evidence on behalf of the defendants is stated.

Appellant's counsel prepared the proposed bill from which was omitted all reference to the evidence on behalf of defendants. Defendants' counsel prepared amendments in the form hereinbefore stated, viz: "That defendants introduce evidence tending to prove" certain facts, which were briefly stated. It was stipulated by counsel for the respective parties that "the judge of said court may sign the bill of exceptions presented herein

as correct," and the judge " upon the foregoing stipulation," settled and allowed it.

There are many cases in which such reference to the evidence is sufficient and proper; as where the exception goes to some ruling upon a question of law, where the weight or conclusiveness of the evidence is not involved, but only the fact that some evidence has been given upon a particular point or issue, but it is not proper where the weight or effect of evidence is to be considered, as upon motion for new trial where the ground of the motion is the insufficiency of the evidence to justify the verdict or finding. It was the duty of counsel for the moving party to incorporate in his bill of exceptions all of the evidence which, in his judgment, was material to the questions he intended to urge upon the hearing. Not having done so, it was the right of counsel for defendants to propose amendments, and, if these were not properly prepared, he should have aided in their correction, or refused to stipulate that the bill might be settled as amended; but, having so stipulated, he has no right to assail court or counsel for the result, or contend that it was the duty of the court to insert the evidence on behalf of the defendant in order that he may have the facts reviewed by this court. In his reply brief he asks: "What is there for this court to review? In this case appellant is prevented from having the testimony introduced by defendants reviewed by this court. Can such a method of settling a bill of exceptions be approved? No."

It is quite true that it is the duty of the court in setling a bill of exceptions to see that it speaks the truth, notwithstanding the parties assent to an inaccurate statement, but it is not contended that the bill in question contains any false or inaccurate statements, but the complaint is that the manner in which defendants' evidence is stated is not proper, and that it was the duty of the court, notwithstanding counsel's assent to the form and matter of the amendments, to write out the evidence in full, a duty not imposed

upon the court, but which rested upon counsel for appellant if he desired to have that evidence reviewed. The position of counsel would justify this court in refusing to consider the evidence, and in affirming the order denying a new trial, so far as questions of fact are concerned. At the least, we shall be compelled to hold that the statement of defendants' evidence is sufficient to show a material conflict as to all questions of fact therein stated, and, unless the order denying a new trial should be reversed upon other grounds, it must be affirmed.

The plaintiff requested the court to give to the jury the following instruction, which was refused: "I further charge you that the return made by the sheriff to the writ of attachment or the writ of execution, while *prima facie* evidence in his favor, is conclusive against him and also his sureties in this action, and that he and they are estopped disputing the truthfulness of the same and the legal effect thereof."

The return to said writ has been quoted herein. It shows a sale made thereunder, on May 20, 1891, in one lot, of all the lumber and shingles to Buhne for $700, and that on June 3d said sale was vacated and a resale ordered.

All these facts were alleged in the complaint and not denied in the answer, and were therefore admitted; and the jury had already been instructed that it was admitted by the pleadings that the sheriff had taken the property into his possession under the execution, and the court added: "I charge you that the return made by the sheriff to the writ of execution in said action is *prima facie* evidence of the facts in such return stated." The instruction requested by the plaintiff only added that it was conclusive against him. But it could be conclusive only as to the facts shown by such return, and these facts being admitted, the instruction given, which was excepted to only so far as it declared the return to be *prima facie* evidence, fully

informed the jury that there was no controversy as to any fact stated in the return.

But, conceding that the return of the sheriff is conclusive against him, of what facts is it conclusive? It is conclusive of the fact that he levied upon the property and had it in his possession, that he sold it in the manner and for the price therein stated, and that the sale was set aside.

Such sales are not subject to confirmation by the court, nor has the execution defendant any right of redemption. The sale is completed by the payment of the sum bid, and the purchaser is then entitled to the immediate possession of the property, and it was not thereafter in the custody or possession in fact of the sheriff, nor did he have the right to regain the possession until the sale was set aside by the court, and any subsequent possession of the property could only be acquired by a retaking. If the sale had been absolutely void upon the face of the return, such return would show the legal custody and possession of the property still in his hands. But the sale was not void though it was irregular. (*San Francisco* v. *Pixley*, 21 Cal. 56; *Hibberd* v. *Smith*, 67 Cal. 565; *Frink* v. *Roe*, 70 Cal. 303; *Marston* v. *White*, 91 Cal. 40.)

The liability of the sheriff, if he is liable, could only be for his failure to retake the property after the sale was set aside, and whether he was liable for such failure involves questions of fact as to which the record, as already stated, shows such conflict in the evidence as will not permit the verdict of the jury to be disturbed.

Plaintiff's second request, which the court also refused to give, is sufficiently covered by what has been said above. It is based upon the theory that the property was lost because not sold as required by law. The argument of counsel is that because the sheriff once had the property in his possession he could only be discharged by an affirmative showing, and that no discharge is pleaded. But the facts alleged in the com-

plaint showed that Buhne, the purchaser, acquired the actual and lawful possession, and the burden was therefore upon the plaintiff to show that in the proper discharge of his official duty the sheriff could have retaken the property after the sale was set aside; and here again we are brought face to face with a question of fact. We see no error in the refusal of the court to give these instructions.

That the verdict is not against law sufficiently appears from what has been said, nor is it contrary to the allegations and admissions in the pleadings.

The order appealed from should be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

HARRISON J., GAROUTTE, J., VAN FLEET, J.