[S. F. No. 586.   Department Two.—July 8, 1897.]

# WILLIAM ORTON, ASSIGNEE, ETC., APPELLANT, v. T. M. BROWN ET AL., RESPONDENTS.

APPEAL FROM JUDGMENT—VERDICT—SUPPORT OF JUDGMENT—SUFFICIENCY OF PLEADINGS—AFFIRMANCE.—Where any material issue is raised by the pleadings, a verdict in favor of the defendant must support a judgment in his favor, and, if the complaint is wholly bad, such judgment should be affirmed upon appeal.

ID.—ACTION UPON SHERIFF'S BOND BY ASSIGNEE OF INSOLVENT CORPORATION—EXECUTION SALE IN ONE PARCEL—ORDER OF RESALE IN SEPARATE PARCELS—RETURN OF PURCHASE MONEY—PLEADING—FRAUD AND CONSPIRACY—MATERIALITY OF ISSUES.—In an action by the assignee of an insolvent corporation upon the bond of a sheriff to recover the alleged value of personal property of the corporation sold by the sheriff under execution in one lot, where the complaint shows that the court had vacated the sale and ordered the property to be resold in separate parcels, and that the purchase money paid by the purchaser be refunded to him, and alleges that, through fraud and conspiracy between the sheriff and the purchaser, the custody of the property was taken by the purchaser, and that the sheriff by fraudulent collusion and confederacy with the purchaser had placed it out of his power to comply with the order of resale, but does not allege any return of the purchase money nor any offer to return the same to the purchaser, the allegations of fraud and conspiracy are essential to the cause of action, if any is stated; and either a denial of those allegations creates a material issue, or the complaint is wholly bad; and in either case a verdict and judgment in favor of the defendants will not be disturbed upon appeal from the judgment.

ID.—RIGHTS OF EXECUTOR'S PURCHASER—IRREGULAR SALE—CUSTODY OF PROPERTY PURCHASED—ORDER FOR REPAYMENT—NON-PAYMENT—DUTY OF SHERIFF—QUERY AS TO SUFFICIENCY OF COMPLAINT.—An irregular sale of property under execution in one parcel, which should be sold in separate parcels, is not void, and the purchaser, upon payment of the purchase money, was entitled to the immediate possession of the property purchased, and was under no obligation to surrender it to the sheriff, upon the sale being vacated, without repayment of the money paid for it; and where such money was paid out upon preferred claims against the corporation whose property was sold, and the order of the court vacating the sale required the repayment of the purchase money to the purchaser, if such order is not complied with by the corporation, or its assignee in insolvency, nor any offer made to comply with it, no duty rested upon the sheriff to retake the custody of the property from the purchaser; and *quære* whether, in such case, even allegations of fraud and collusion between the sheriff and purchaser as to the custody of the property can state a cause of action in favor of such assignee against the sureties upon the bond of sheriff.

APPEAL from a judgment of the Superior Court of Humboldt County.   G. W. HUNTER, Judge.

The facts are stated in the opinion.

*J. W. Turner,* for Appellant.

*S. M. Buck,* and *F. A. Cutler,* for Respondents.

HAYNES, C.—This appeal is from a judgment in favor of the defendants entered upon a verdict of the jury in their favor.

This case was before this court upon an appeal from an order denying the plaintiff's motion for a new trial, and said order was affirmed.   (*Orton v. Brown,* 113 Cal. 561.)   We can conceive of no reason why both appeals were not taken at the same time.   It would certainly have lessened the expense to the parties and materially lessened the labors of this court to have had both appeals taken and heard together.

Appellant states the questions to be determined on this appeal as follows: "1. Is the verdict sufficient to support the judgment?   2. Does the verdict correspond with the issues presented by the pleadings?   3. What issues do the pleadings present?"

As to the first point it may be said that if any material issue is raised by the pleadings the verdict must support the judgment; so that the only question is whether any issue was made which, if decided in favor of the defendants, entitled them to a judgment.

This action is upon the bond of T. M. Brown, as sheriff of Humboldt county.   The plaintiff is the assignee of the Consumers' Lumber Company, an insolvent corporation.   The complaint alleges in substance the following facts: On May 2, 1891, and prior to the insolvency proceedings, one Georgson obtained judgment against said corporation for the sum of one thousand and thirty-one dollars and fifty-eight cents and costs.   On May 7th an execution issued thereon was levied upon certain lumber and shingles which had been attached in said

action, and on May 20th said property was sold by the
sheriff in one lot, and not in separate parcels, for the
sum of seven hundred dollars, to H. H. Buhne, Jr.
Three days later said corporation, upon notice to the
judgment creditor, the sheriff, and said purchaser, moved
the court to set aside the sale upon the ground of irregu-
larity, in that a large quantity of lumber and shingles
were sold in one lot for a grossly inadequate price.   Said
motion was heard on June 3d, and an order made va-
cating the sale and ordering "that the money paid by
the sheriff to satisfy preferred claims be returned to the
sheriff by the parties receiving the same, and that the
seven hundred dollars paid by Mr. Buhne for the prop-
erty be returned to him by the sheriff," and ordering a
resale of said property to be made according to law.
Buhne appealed from said order June 23, 1891, and on
November 21, 1892, the supreme court affirmed the
order.   The lumber company was adjudged an insolv-
ent debtor August 14, 1891, and on appeal said judg-
ment of insolvency was affirmed May 20, 1893, and the
plaintiff herein was thereafter appointed as assignee.

As to the foregoing facts there was no issue or con-
troversy.   The gist of the complaint is, in substance,
that at or about the time of said execution sale, the
sheriff and Buhne, the purchaser, entered into a con-
federation and conspiracy, by which the sheriff will-
fully and in violation of his duty consented that Buhne
should take the lumber and shingles out of the custody
of the sheriff; that the same were taken by Buhne with
the knowledge and consent of the sheriff; that after-
wards, in December, 1892, an order for the resale of the
property was issued and delivered to the sheriff, but
that he, by his said collusion and confederation above
mentioned, had placed it beyond his power to comply
with and execute said order.   The value of said prop-
erty was alleged to be six thousand three hundred dol-
lars, in which sum plaintiff claimed damages.

It will be observed that the motion to vacate the sale
was not on the ground of fraud, but that the sale was

irregular because the whole of the property was sold in one parcel and for an inadequate price, and that the confederacy charged in the complaint related to the possession of the property, and not to the sale itself.

The answer of the defendants denied all these allegations of fraud and conspiracy, or that Buhne obtained possession otherwise than by the delivery of the property to him as such purchaser at said sale. The answer also denied that an order of resale was issued or delivered to the sheriff, or that the property was of any greater value than seven hundred dollars, and defendants also pleaded the statutes of limitations prescribed in sections 338, 339, and 341 of the Code of Civil Procedure in bar of the action.

Counsel for appellant contends, however, that the allegation of fraud and collusion was not necessary to entitle the plaintiff to recover, and that therefore the denial created an issue upon an immaterial matter.

But if the complaint had not alleged that the sheriff parted with the possession of the property by a fraudulent collusion with Buhne, it would not have stated a cause of action. It was held upon the former appeal that the execution sale, though irregular, was not void; that the sale to Buhne was completed by the payment of the purchase money, and that the purchaser was thereupon entitled to the immediate possession of the property. If, therefore, the alleged fraudulent collusion is an immaterial averment, it follows that Buhne was rightfully in possession of the property and was under no legal obligation to surrender it to the sheriff, upon the sale being vacated by the court, without repayment of the money which he had paid for it, and there is no allegation that the money was repaid or offered to be repaid. The plaintiff, as assignee of the Consumers' Lumber Company, stands as the corporation would have stood. The order setting aside the sale, and which was set out in the complaint, shows that the money realized from the execution sale had been paid upon preferred claims against the lumber company, and therefore

it had received the benefit of the money paid for the property. It was not in the sheriff's hands so that he could refund it to Buhne, and neither the corporation nor its assignee could retain the proceeds of the sale and have any legal or moral right to require Buhne to surrender the property to the sheriff, nor could the sheriff retake the property without such payment. It is therefore clear that without the allegations of fraud and collusion no cause of action would have been stated; nor is it clear that with those allegations a cause of action is alleged, since the order of the court vacating the sale required the repayment of the money, and as that order was not complied with by the plaintiff, nor any offer made to comply with it, no duty rested upon the sheriff to retake the property. Either the issue was material or the complaint wholly bad, and in either case the judgment should be affirmed.

BELCHER, C., and CHIPMAN, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.