[Civ. No. 2703.   Second Appellate District.—June 26, 1918.]

## J. C. CRAIG, Executor, etc., Respondent, v. CHARLES STANSBURY, Appellant.

[Civ. No. 2712.   Second Appellate District.—June 26, 1918.]

## CHARLES STANSBURY, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

SUPERSEDEAS — NATURE OF REMEDY.—The remedy by *supersedeas* is usually regarded as injunctive or prohibitive in character and not corrective.

ID.—EXECUTION SALE AFTER APPEAL—VACATION—INHERENT POWER OF APPELLATE COURT.—The appellate court, however, has inherent power by writ of *supersedeas* to vacate an execution sale made after the perfecting of an appeal and the giving of a stay bond.

ID.—SALE BEFORE APPEAL—REMEDY.—Where an execution sale has been completed before the appellate court acquires jurisdiction of the

appeal, the court, in view of section 946 of the Code of Civil Procedure, has no power by writ of *supersedeas* to set aside the sale, but any right of the judgment debtor to set aside the sale must be enforced in the trial court.

ID.—MOTION TO SET ASIDE EXECUTION SALE—CHARGES OF CONSPIRACY TO DEFRAUD NOT ENTERTAINABLE.—On a motion to set aside an execution sale, allegations of conspiracy to commit a fraud on the rights of the judgment debtor cannot be considered.

APPLICATIONS originally made to the District Court of Appeal for the Second Appellate District for a Writ of Supersedeas and for a Writ of Mandate. John M. York, Judge.

The facts are stated in the opinion of the court.

Andrews, Toland & Andrews, Kenton A. Miller, Hocker & Austin, and W. A. Alderson, for Petitioner.

Haas & Dunnigan, J. J. Wilson, George P. Adams, and Wm. M. Brown, for Respondent.

WORKS, J., *pro tem.*—For convenience, the action first above entitled, *Craig* v. *Stansbury,* will throughout this opinion be referred to as the action; and the second matter, *Stansbury* v. *Superior Court,* will be alluded to as the mandate proceeding. The action was commenced for the purpose of recovering on a promissory note, the plaintiff had judgment, and the defendant appeals. The appeal is not yet before us for decision; but the appellant asks for the issuance of a writ of *supersedeas,* upon his claim that the execution of the judgment had been stayed by the giving of bond, in connection with the appeal, before the making of a certain sale by the sheriff on execution, as well as upon grounds other than the ground that execution had been stayed. The application is made upon notice to the purchaser at the sale, as well as to the respondent in the action. After the appeal was taken, but before the application for a *supersedeas* was filed in this court, the appellant presented to the trial court, in the action, a motion to set aside the execution sale. That motion was made upon all the grounds now placed before us as a basis for the application for the *supersedeas.* The trial court entered a dismissal of the motion on the ground

that the "court has not jurisdiction to entertain" it "on the facts stated in the notice of motion." Thereupon the appellant instituted the mandate proceeding for the purpose of compelling the trial court to proceed to hear and determine the questions involved in the motion and an alternative writ was allowed.

Our first labor is to determine whether a *supersedeas* will issue out of this court, as demanded. It is to be observed, at the outset, that the form of relief now requested has had its most frequent use in those cases in which there has been a stay of the execution of a judgment appealed from, and in which the trial court has *threatened* to take some step toward an enforcement of the judgment, notwithstanding the operation of the stay (*McAneny* v. *Superior Court,* 150 Cal. 6, 9. [87 Pac. 1020] ; *Southern Pac. Co.* v. *Superior Court,* 167 Cal. 250, 252, [139 Pac. 69] ) ; in other words, the remedy by *supersedeas* is usually regarded as injunctive or prohibitive in character and not corrective. We are now, however, asked to apply the remedy as a corrective, by ordering vacated a sale which has been consummated by the sheriff, pursuant to final process of the court, after the perfecting of an appeal and the giving of a stay bond. Notwithstanding what we have said above as to the purpose for which the remedy by *supersedeas* usually has been employed, there is direct authority, also, for its use in such a case as this. In *Owen* v. *Pomona L. & W. Co.,* 124 Cal. 331, [57 Pac. 71], an appeal had been taken and a stay of execution was operative under it. The respondent, pending the appeal, took out an execution or order of sale and the sheriff sold certain property described in the decree appealed from. The appellant moved to set aside the sale and quash the execution on the ground that they were in violation of the right to a stay and the court granted the motion, going so far as to say, "No question is made as to the power and duty of this court to grant the relief sought by the motion if all proceedings on the judgment were stayed by the appeal." This case is directly in point here, and it has been cited with approval in *McAneny* v. *Superior Court, supra,* and in *Southern Pacific Co.* v. *Superior Court, supra.* We conclude that this court has the inherent power—for it is to that source that the right to issue the writ of *supersedeas* is ascribed by the authorities—to vacate the sale now sought to be set aside, if, as

claimed by the appellant, the appeal was perfected and a stay of execution became operative before the sale was made.

We are next to inquire whether the appeal had been perfected and the stay of execution imposed before the completion of the sheriff's sale; and, in determining this question, the property sold having been personalty, we consider the conclusion of the sale as being at least as early as the time of the issuance of the sheriff's certificate of sale. (Code Civ. Proc., sec. 700a.) The notice of appeal and the stay bond were filed with the trial court together, in point of time, and the execution sale was conducted, including the issuance of the certificate of sale, on the same day. The question of priority, as between the sale and the perfecting of the appeal, is therefore one of hours only. This fact is conceded by the entire record before us, which consists of voluminous affidavits and of some testimony from the witness-stand. It would serve no useful purpose to review the evidence on this question. We have examined it carefully and from our examination we now find and declare that the notice of appeal and bond were filed after the issuance of the sheriff's certificate of sale. The sale, therefore, worked no violation of any right of stay of execution.

We have already remarked that we are asked to set the sale aside on grounds other than the one that a stay of execution was in force at the time the sale was made. We have yet to determine whether we may entertain the motion on those grounds, which, speaking in general terms, are that the sale was conducted in furtherance of a conspiracy between all those who were parties to the sale, formed to cause a sacrifice of the property under levy at an inadequate price and for other purposes claimed by the appellant to be illicit and to work a fraud upon his rights. The appellant presents to us no authority and shows us no good reason which point to the power in an appellate court to set aside, by *supersedeas,* an execution sale completed before the court acquired jurisdiction of any appeal from the judgment for the enforcement of which the sale was made. The general character of the remedy, as that character is above stated, seems to prevent its application in such an instance. It is true, in addition to what we have already said concerning *supersedeas,* that the supreme court has allowed its use to create a stay of execution where none had been imposed by appeal or by bond

given pursuant to appeal (*Hill* v. *Finnigan,* 54 Cal. 493; *Rogers* v. *Superior Court,* 158 Cal. 467, [111 Pac. 357]; *Reed Orchard Co.* v. *Superior Court,* 19 Cal. App. 648, 667, [128 Pac. 9]), instead of merely allowing it for the purpose of protecting a stay already existent; but its use in those instances, as well as in all others, seems to have been predicated upon the ground that an appellate court may concern itself, by *supersedeas,* with acts either threatened or consummated after appeals have been perfected. Where an execution sale has been completed before an appeal has been taken from the judgment sought to be executed through such sale, any right of the judgment debtor to have the sale set aside must be enforced by appropriate proceeding in the trial court. This view is sustained, in effect, if not in terms, by the provisions of section 946 of the Code of Civil Procedure, which has to do with the effect of appeals upon proceedings in the trial court after judgments have been appealed from and upon the levy of executions outstanding for their enforcement.

We now turn to the mandate proceeding, in order to determine whether a peremptory writ shall issue requiring the trial court to proceed with the hearing of the motion to set aside the execution sale, on grounds other than the ground that a stay of execution was in effect at the time the sale was made, of which latter ground we have already disposed. The supreme court early declared that a motion to set aside an execution sale could not be entertained where the purchaser at the sale was a stranger to the judgment under execution (*Bryan* v. *Berry,* 8 Cal. 130); and a little later a judgment was affirmed in a case in which the trial court had set aside a sale in an action in equity brought to secure that relief (*San Francisco* v. *Pixley,* 21 Cal. 56). The case last cited was one in which a stranger had purchased at the sale, and *Bryan* v. *Berry* is cited in the opinion in connection with a query as to when relief, in such cases, may be had on motion and when by bill in equity. The question thus mentioned had not been presented by the parties and was stated by the court not to be before it. It was said in the opinion that "whether the application for relief should be presented by motion to the court or by bill in equity will depend upon the special circumstances of the particular case"; but further language was used in indicating a view of the court to the

effect that, where a third party was the purchaser and the sale had been closed by the execution of a final conveyance by the selling officer, the application for relief should be, or, at least, might be, by bill in equity. The grounds for relief in the case were that the property sold, being realty which lay in parcels, had been sold *en masse* and that the price paid was nominal and out of all proportion to real value. The question next came before the supreme court in *Boles* v. *Johnston*, 23 Cal. 226, [83 Am. Dec. 111]. The sale was there sought to be set aside on account of "numerous irregularities in the conduct of the officer in making the levy and sale," of which irregularities the purchaser at the sale was not alleged to have had notice. The court said: "Whether a court of equity might not grant relief in a proper case showing fraud in the conduct of the sheriff in selling property in violation of the rights of the parties and the requirements of the statute, of which the purchaser and those claiming under him had notice, or in which they may have participated, is a question unnecessary to determine in this case, as it is not founded upon any such state of facts. If the plaintiffs have any remedy at all under the facts stated, it is by motion properly made in the court where the judgment was rendered to set aside the sale, and not in this collateral action. The right of action here is founded solely upon these irregularities, and the court below committed no error in dismissing the action." These appear to be the only cases, in California, in which there is any mention of the question as to when execution sales may be set aside on motion and when that relief may be had pursuant to bill in equity; although we have a line of cases, beginning with *Brown* v. *Ferrea*, 51 Cal. 552, and running at least as late as *Anglo-Californian Bank* v. *Cerf*, 142 Cal. 303, [75 Pac. 902], and *Bechtel* v. *Wier*, 152 Cal. 443, [15 L. R. A. (N. S.) 549, 93 Pac. 75], in which the sufficiency of various grounds urged toward the setting aside of sales on motion is considered, it being assumed that the form of remedy chosen was an appropriate one. This assumption was doubtless proper, in each case, as each had to do with mere irregularities in sales, principally under the provisions of section 694 of the Code of Civil Procedure, laying down certain rules for the conduct of sales under execution. The supreme court, in at least two cases, also has considered the sufficiency

of grounds upon which, in actions in equity, attempts were made to set aside sales because of fraud and unfair dealing (*Odell* v. *Cox*, 151 Cal. 70, [90 Pac. 194]; *Rauer* v. *Hertweck*, 175 Cal. 278, [165 Pac. 946]; but in neither of them was the question of the propriety or exclusiveness of the remedy brought into question. Now, however, we are driven to repeat the query of the earlier cases. We have not to do with a question of irregularity in the conduct of a sale. There is before us a direct and circumstantial charge that a conspiracy was formed to commit a fraud upon the rights of the judgment debtor by making sacrifice of his property. Not only so, but it is charged that the conspiracy was executed by the performance of a series of acts which led to its successful culmination in the sale now sought to be set aside. To this conspiracy the county clerk and the sheriff, or deputies of each of them, are alleged to have been parties, along with the judgment creditor and the purchaser at the sale, and the acts done by each of them in furtherance of the conspiracy are distinctly set forth in the notice of motion and affidavits which were presented to the trial judge and which he refused to consider.

We are of the opinion that such matters cannot properly be considered on mere motion. Such a case does not seem to come within any decision of the supreme court authorizing, either tacitly or by direct decision, the setting aside of execution sales in that summary manner. Such motions are usually based upon affidavit, and the number of persons concerned in the charge here presented, the complexity of the charge, and the fact that it has to do with many matters extraneous to the sale itself—thus, as we have already said, presenting a case entirely different from one of mere irregularity in a sale—all seem to frame a controversy which ought not to be, and which in justice to all concerned could not be, determined upon such an informal presentation. It is said in Freeman on Executions, third edition, section 310: "Where grounds exist for vacating a sale, which rest not in irregularity of proceeding, but in fraudulent devices practiced upon the complainant, or in accident or mistake for which he has suffered, and from which he is entitled to relief, he may, before conveyance is made to the purchaser, proceed either by motion in the original case or by bill in equity. In this, however, as in other matters within the

concurrent jurisdiction of law and equity, the choice and propriety of remedy are governed by considerations of adequacy and expediency; and since the importance of these considerations depends quite usually upon the circumstances of the case in hand, it is impossible to deduce from the cases an inflexible rule determining the proper choice of remedy where the end sought is the vacation of an execution sale. The proper criterion for determining this matter is found in the nature of the question, and the character of the issue, which must be weighed and decided before the relief sought can be granted or denied. Fraud, mistake, irregularities, and inadequacy of price may justify the setting aside of an execution sale upon motion; but the nature of the proceeding by motion renders it applicable with propriety only to a minority of the cases where such grounds for vacation are set forth. If a conveyance has been executed, and the purchaser thereby vested with the legal title, it is doubtful whether he can be divested of it by motion. If the charge is that the sale ought to be vacated for matters not apparent from an inspection of the proceedings, such as combination to depress the bidding, or any other species of fraud, or for any misconduct on the part of the officer conducting the sale, the better opinion is that the purchaser's title cannot be divested otherwise than by an independent suit in equity against him.''

The motion, addressed to this court in Civil No. 2703 and demanding that the execution sale be set aside, is denied. The alternative writ of mandate, in Civil No. 2712, is set aside and the application for a peremptory writ is refused.

Conrey, P. J., and James, J., concurred.

Petitions to have the causes heard in the supreme court, after judgment in the district court of appeal, were denied by the supreme court on August 22, 1918.