[Civ. No. 608.    Fifth Dist.    Feb. 9, 1966.]

A.F.C., INC., Plaintiff and Appellant, v. JAMES H. BROCKETT, Third Party Claimant and Respondent.

Mack, Bianco & Means and William A. Stone for Plaintiff and Appellant.

Vizzard, Baker, Sullivan & McFarland, Jere N. Sullivan and Allan H. McFarland for Third Party Claimant and Respondent.

BROWN (R.M.), J.—The petitioner is one of the attorneys of record for the appellant. ■ He prays this court for a writ of supersedeas staying execution of the judgment of the trial court pending his appeal thereon.

On December 28, 1965, the trial court made its decision and signed a judgment on a third party claim of the respondent. It was filed at 11 a.m. on that day; on December 29th at approximately 4 p.m. it was entered and recorded in the Judgment Book.

The judgment provided that the subject of the third party's claim, a Beechcraft airplane, was found to be the property of the respondent, subject to an interest of the defendant, R. W. Akers, in the sum of $1,863.85; it ordered the constable to release the airplane on payment of said sum or the posting of a surety bond approved by the court.

At approximately 2 p.m. on December 28th the third party claimant served a copy of said judgment on the constable, tendered to him that sum, and demanded release of the airplane. The constable executed a receipt for said sum and the airplane was removed by the third party claimant. After the time of the payment of the above sum and removal of the airplane the trial court on December 29th issued an order staying execution for five days. That stay came too late.

On December 30th the appellant filed its notice of appeal from said judgment.

Code of Civil Procedure, section 664, states, in part: "In no case is a judgment effectual for any purpose until entered."

In *Wilson* v. *Los Angeles County Employees Assn.*, 127 Cal.App.2d 285, 289 [273 P.2d 824], the court stated that it is the duty of the clerk to enter the judgment in the judgment book and until entered it is not effectual for any

purpose, that at any time before a judgment is entered a court may change its conclusion of law and enter a judgment different from that first announced, and that the entry of a judgment is the initial point from which rights arise thereunder for the commencement of various acts and for the tolling of other rights.

At the time that the constable acted upon the release of the airplane there was no effective stay. As said in *Messenkop* v. *Duffield*, 211 Cal. 222, at page 225 [294 P. 715] : ''The effect of a *supersedeas* is not to undo what has already been done, but to hold matters in the same condition as they existed at the time the stay became effective.''

In *Craig* v. *Stansbury*, 37 Cal.App. 668, 670 [174 P. 404], the court held that ''the remedy by *supersedeas* is usually regarded as injunctive or prohibitive in character and not corrective.'' The court further said at page 671: ''The appellant presents to us no authority and shows us no good reason which point to the power in an appellate court to set aside, by *supersedeas,* an execution sale completed before the court acquired jurisdiction of any appeal from the judgment for the enforcement of which the sale was made.'' And, that ''Where an execution sale has been completed before an appeal has been taken from the judgment sought to be executed through such sale, any right of the judgment debtor to have the sale set aside must be enforced by appropriate proceeding in the trial court.'' (P. 672.)

While the judgment may not have been considered legally entered until it was actually written in the judgment book, nevertheless, we are not in a position to issue a writ of supersedeas because the writ may not be employed for any purpose upon persons not parties to the judgment (*Dulin* v. *Pacific Wood & Coal Co.,* 98 Cal. 304, 307 [33 P. 123]), and issuing such a writ would not replace the airplane in the possession of the constable.

In *Sun-Maid Raisin Growers* v. *Paul,* 229 Cal.App.2d 368, at page 374 [40 Cal.Rptr. 352], it is said : ''The issuance of a writ of supersedeas is not based on any statute, code section, or rule of court, but is within the inherent power of the court. [Citations.] The issuance is a matter of sound discretion. . . .''

The application for the writ is denied.

Conley, P. J., concurred.

Stone, J., deeming himself disqualified, did not participate.